UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sharlyn Edgar,<br>     Plaintiff,<br><br>v.<br><br>Extra Virgin Oven, LLC d/b/a EVO Pizzeria,<br>     Defendant. | **COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Title VII of the US Civil Rights Act of 1964, and racial discrimination under 42 U.S.C. §1981, as amended, and on the basis of gender (female), Title VII of the US Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, in violation of the SC Human Affairs Law.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of race discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from EEOC on or about April 7, 2023.

   c. This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3. The Plaintiff, Sharlyn Edgar, at all relevant times herein, was a citizen and resident of the State of South Carolina, and resided in Dorchester County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. That, upon information and belief, the Defendant, Extra Virgin Oven, LLC d/b/a EVO Pizzeria is a domestic corporation organized and operating in the County of Charleston, State of South Carolina.

6. The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. The Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

11. The Plaintiff (African American female) began working for Extra Virgin Oven, LLC d/b/a EVO Pizzeria on or about August 5, 2021, as a pizza maker. That at all times relevant, the Plaintiff was effective and efficient at her work.

12. Beginning in or about September 2021, Plaintiff was subjected to racial and gender discrimination by Chris Kosky, Head Chef.

13. Mr. Kosky repeatedly subjected Plaintiff to racial discrimination when he would say things to Plaintiff like "I'm white and I'm darker than you," and "how are you a black girl and you are lighter than me?"

14. Mr. Kosky reportedly subjected Plaintiff to gender discrimination and harassment when he said things such as "The way you know the dough is done is if it jiggles, just like a woman's ass when you smack it."

15. Plaintiff told Mr. Kosky when the discriminatory and harassing remarks were made that he was sexually and racially discriminating against her, and he was sexually harassing her. Mr. Kosky told Plaintiff, that she would have to deal with it and that no one cares.

16. Plaintiff reported the racial and sexual discrimination and sexual harassment numerous times to Jasmine Pierre, Kitchen Manager, and to Ricky Hacker, Owner, but nothing was done to stop the behavior.

17. On or about October 15, 2021, Plaintiff applied for the open position of AM Kitchen, but was denied the position.

18. On or about November 19, 2021, Plaintiff was constructively discharged in retaliation for her complaints of discrimination and harassment.

19. At the time of Plaintiff's termination, Mr. Kosky told other employees that Plaintiff didn't deserve respect, clocked her out, and became physically violent with her.

20. Mr. Kosky's treatment of Plaintiff was so severe that another employee that witnessed the treatment quit because of it.

21. Despite Plaintiff reporting the inappropriate behavior, the Defendant did not take appropriate action to resolve the problems.

22. It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII - Racial Discrimination

23. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

24. Plaintiff is a member of a protected group on the basis of her race. Plaintiff was retaliated against based on her race in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

25. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff due to her race;

   b. In showing preferential treatment to white employees and detrimental treatment to Plaintiff; and

   c. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

26. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

27. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

28. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

29. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

30. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII - Gender Discrimination

31. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

32. At all times the Plaintiff was performing her job satisfactorily.

33. The Plaintiff is a member of a protected group on the basis of her gender.

34. The Plaintiff was discriminated against due to her gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

35. Similarly situated male employees received preferential treatment by not being subjected to the sexual and derogatory remarks as Plaintiff was, due to her gender.

36. The Plaintiff engaged in a protected activity by reporting the Defendant's unlawful employment practices and filing a charge with the EEOC.

37. These events were unwelcome to the Plaintiff and were sufficiently severe or pervasive so as to constitute a hostile work environment.

38. The aforesaid harassment to which the Plaintiff was subjected was permitted to continue by the Defendant, despite knowledge that it was occurring.

39. The Defendant was wanton, reckless, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote or continue to employ the Plaintiff due to her gender; and

   b. In allowing Plaintiff's superior to repeatedly engage in discriminatory and harassing behavior.

40. The Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), by allowing the gender discrimination, harassment and retaliation to exist in the workplace.

41. That in failing to protect the Plaintiff from gender discrimination, harassment and retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Commission.

42. As a direct and proximate result of the Defendant's discrimination on the basis of gender, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

43. The Defendant's employment discrimination and constructive discharge of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

44. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, to include punitive damages, attorney's fees and costs, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay, and all other remuneration to which she may be entitled by law.

## FOR A THIRD CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII - Retaliation

45. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

46. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions as well as other positions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on her race, Plaintiff was constructively discharged from her position in retaliation for asserting her rights under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

47. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

48. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

49. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

50. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## REQUEST FOR RELIEF

51. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

52. Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay, and other work benefits.

53. By reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
Telephone:     (843) 553-9800

North Charleston, South Carolina
June 26, 2023